# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Robin Dickinson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Sunrise Credit Services, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Robin Dickinson, is a natural person who resides in Clayton County, Georgia.

2. Defendant, Sunrise Credit Services, Inc., is a corporation that does business, but is not registered, in Georgia. It is headquartered in New York and can

be served through its president, Richard G. Doane, 260 Airport Plaza, Farmingdale, New York 11735.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Clayton County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of a credit card account issued by Synchrony Bank. The account was used by the

Plaintiff for the purpose of ordinary goods and services. The Plaintiff is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff defaulted on the account issued by Synchrony Bank and the account was subsequently purchased by Second Round Sub, LLC (hereinafter referred to as "Second Round").

Second Round is a national purchaser or defaulted consumer debt. It seeks to collect on these accounts at face value.

Second Round retained the services of the Defendant to assist it in the collection of the account and debt owed by Plaintiff in the amount of $2,238.84.

13. On or about November 12th, 2020, Defendant caused to be sent to the Plaintiff a letter demanding payment of a debt owed to Second Round in the amount of $2,238.84.

14. The Defendant's letter contained highly sensitive and personal information related to the Plaintiff, including a) the Plaintiff's name and address; b) the name of the Plaintiff's creditor; c) that the Plaintiff had a debt; d) the exact amount alleged to be owed; e) that the debt was in default; and f) that the debt was being collected by a collection agency.

15. The letter received by the Plaintiff shows an Intelligent Mail Barcode (IMB) just above the address of the Plaintiff. A reproduction of the relevant portion of this letter with the IMB code highlighted for ease of reference (and the Plaintiff's address redacted) is set forth below:

PO Box 9100
Farmingdale NY 11735-9100
CHANGE SERVICE REQUESTED



**Sunrise Credit Services, Inc.**
P.O. Box 9100
Farmingdale, NY 11735-9100
844-843-1083 ● Fax: 631-501-8534



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

Hours: Mon. – Fri. 8 AM – 9 PM EST
Sat. 8 AM – 4 PM EST

November 12, 2020

Robin Dickinson

Creditor: Second Round Sub, LLC
SCS Account #: 43651901
Account Balance:      $2238.84

Balance Due:          $2238.84

Dear Robin Dickinson:

We want to work with you during this difficult time. We have a few options to settle this past due debt.

The Choice Is Yours:

Wish #1: A settlement of 30% off your balance, so you only pay $1,567.19 due on November 20, 2020. You save $671.65.
Wish #2: A settlement of 20% off your balance, so you only pay $1,791.07 in two payments of $597.02 and 1 payment of $597.03 with your first payment due on November 20, 2020. You save $447.77.
Wish #3: A settlement of 10% off your balance, so you only pay $2,014.96 in five payments of $335.83 and 1 payment of $335.81 with your first payment due on November 20, 2020. You save $223.88.

It should be understood that each payment required to complete your chosen payment plan is due on the same date each subsequent month. If one of the payments is not received on time, the payment plan shall be null and void and the full balance shall be due in full.

Here's how to get started:

1. You can log onto www.sunrisecreditservices.com, hit the "Payment Center" button and pick your payment method in the "Next Step" box. Enter your settlement amount listed above.
2. You can call 844-843-1083 and speak with a representative to settle your balance.

This offer will expire on November 20, 2020. We are not obligated to renew this offer.

Sunrise Credit Services, Inc.

Vinny Aponte

16. IMBs are used by the United States Postal Service and contain information that includes the name and other identifying information of the actual sender of the item.

5

17. The IMB displayed on the collection letter received by the Plaintiff, when decoded, reveals that the sender was not the Defendant, but rather Dantom Systems (hereinafter "Dantom"), a mailing service that has no relationship with the Defendant other than that of a service vendor.

18. The Plaintiff believes and therefore avers that the Defendant communicated the personal information regarding the Plaintiff and her debt to Dantom in connection with the debt being collected and for the express purpose of facilitating that collection.

19. The transmission of this information by the Defendant was an invasion of the Plaintiff's privacy.

20. Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

## INJURIES-IN-FACT

21. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

22. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

23. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

24. Defendant is subjecting Plaintiff to unfair means to collect the debt.

25. Defendants acts and omissions caused particularized harm to the Plaintiff in that Defendant's communication of the Plaintiff's personal information violated a clear statutory right and was an invasion of Plaintiff's individual privacy.

26. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

27. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to unfair debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

c.) The Plaintiff suffered a violation of her right to privacy.

d.) Anxiety and worry caused by concern that Defendant would continue to disseminate private and sensitive information to third parties. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

*Violations of 15 U.SC. § 1692c and subparts*

28. Defendant's communication of Plaintiff's personal information to Dantom as described herein was a violation of 15 U.S.C. § 1692c(b). See, *Hunstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434 (11th Cir. April 21, 2021).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

29. Plaintiff incorporates by reference paragraphs 1 through 28 as though fully stated herein.

30. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

31. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

32. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

33. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

34. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

35. Defendant's conduct has implications for the consuming public in general.

36. Defendant's conduct negatively impacts the consumer marketplace.

37. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

38. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

39. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

40. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

41. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

**TRIAL BY JURY**

42. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 2nd day of November, 2021.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*